# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DOLEN GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:14-cv-00343-JMS-MJD |
| | ) | |
| DAVID LIEBEL, and | ) | |
| REV D. WALKER, | ) | |
| Defendants. | ) | |

## Entry Discussing Complaint and Directing Further Proceedings

### I. Preliminary Motions

The plaintiff's motion to proceed in forma pauperis [dkt. 3] is **granted.** No assessment of a partial initial filing fee is feasible at this time.

The plaintiff's motion to appoint counsel [dkt. 4] is **denied as premature.** The defendants have not been served and have not responded to the complaint. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 846 (7th Cir. 2013).

The plaintiff's filing of November 5, 2014, states that he is trying to find the case *Caldwell v. Miller,* 790 F.2d 589 (7th Cir. 1986). He asserts that he is "trying to get the Judge's statement in the case." He asks for the Court's assistance. The plaintiff's request [dkt. 7] is **denied for the present.** First, it is not clear what is meant by "the Judge's statement." Second, the plaintiff has not explained why he cannot obtain a copy of this or any other Seventh Circuit decision from the prison law library. Moreover, the Court cannot perform research on behalf of litigants.

## II. Background

The plaintiff, Dolen Glenn ("Mr. Glenn"), is incarcerated at the Wabash Valley Correctional Facility ("Wabash Valley"). This civil rights complaint is brought pursuant to 42 U.S.C. § 1983. Mr. Glenn has named two defendants: 1) David Liebel, Indiana Department of Correction ("IDOC") Religious Services Director; and 2) Rev. D. Walker, Wabash Valley Director of Religious Services. Mr. Glenn alleges that the defendants violated his rights to free exercise of religion as protected by the First Amendment to the United States Constitution and also violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). He seeks nominal, compensatory and punitive damages, and injunctive relief.

The complaint is now subject to the screening required by 28 U.S.C. ' 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

## III. Screening

### A.

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints such as that filed by Mr. Glenn are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

**B.**

Mr. Glenn alleges that the defendants have violated his First Amendment and RLUIPA rights by failing to have his Eastern Orthodox religion placed in the IDOC Handbook of Religious Belief and Practices (the "Handbook"). He also alleges that he has been denied access to Eastern Orthodox services, communion, and confession, and to other religious items such as prayer rope, icons, alter, Bible, Prayer book, cross, prayer rug, candle, incense, holy water, holy oil, holy writing, and kosher food. He alleges that he has made requests for the Eastern Orthodox services, priests, items, and placement in the Handbook since 2010, and that Mr. Liebel has told him to be patient. He has been told that he may request a kosher meal.

Mr. Glenn alleges that he has asked Rev. D. Walker since September 2012 to provide Eastern Orthodox services (including communion and confession) and studies, and religious rites such as icons, incense, candles, holy water, and holy oil, prayer rugs, and prayer ropes, without success. He alleges that on September 28, 2012, when he arrived at Wabash Valley, his prayer rope bracelet was confiscated from him. Mr. Glenn alleges that the defendants have imposed a substantial burden on his religious exercise by not having his faith in the Handbook because now prison staff do not know what offenders are allowed to have at the prison to practice their religion. He alleges that the defendants have denied his ability to practice religious rites for over twenty (20) months.

The First Amendment and RLUIPA claims shall proceed against defendants Liebel and Walker.

## C.

In addition to alleging violations of the First Amendment and RLUIPA, Mr. Glenn alleges that these deprivations violate his rights under the Eighth and Fourteenth Amendments and the Indiana Constitution. The Eighth and Fourteenth Amendment claims are unnecessary because the First Amendment protections are sufficient to address the free exercise of religion allegations in the complaint. Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's complaint "gains nothing by attracting additional constitutional labels"). In addition, there is no private cause of action for damages under the Indiana Constitution under these circumstances. *Cantrell v. Morris*, 849 N.E.2d 488, 491-93 (Ind. 2006); *Hoagland v. Franklin Twp. Community School Corp.,* 10 N.E.3d 1034, 1040 (Ind. Ct. App. 2014) ("[T]here is no right of action for monetary damages under the Indiana Constitution"); *Smith v. Indiana Dep't of Corrections*, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007) ("[N]o Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution."). Any claims brought under the Eighth and Fourteenth Amendments and the Indiana Constitution are **dismissed** because such claims fail to state a claim upon which relief can be granted.

## IV.  Identification of and Supplement to Claims

If Mr. Glenn contends that the Court has misconstrued or failed to acknowledge any claims that he intended to assert against any defendants, he shall **so notify the Court not later than December 31, 2014.** Otherwise, the claims shall remain as identified and as screened in this Entry.

## V. Service of Process

As noted, the claims that the defendants have violated Mr. Glenn's rights that are protected by the First Amendment's free exercise clause and by RLUIPA shall proceed.

The clerk shall **issue and serve process** on defendants David Liebel and Rev. D. Walker in the manner specified by *Fed. R. Civ. P.* 4(d)(2). Process in this case shall consist of the complaint filed on October 31, 2014, applicable forms, and this Entry.

**IT IS SO ORDERED.**

Date: <u>November 10, 2014</u>

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Dolen Glenn, #860216
Wabash Valley Correctional Facility
Electronic Service Participant - Court only

David Liebel
Indiana Department of Correction
Religious Services
302 W. Washington St., Room E334
Indianapolis, IN 46204

Rev. D. Walker
Wabash Valley Correctional Facility
Religious Services
6908 S. Old U.S. Hwy 41
P. O. Box 500
Carlisle, IN 47838

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**